**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Joel Stephen Cutulle,<br><br>Defendant. | No. CR-12-01927-003-PHX-DJH<br><br>**ORDER** |

Pending before the Court is the Defendant's Motion for Modification of Terms of Supervised Release Pursuant to 18 U.S.C. § 3621(c)(1). (Doc. 1039). The Government has filed a Response (Doc. 1045), opposing the Motion. The Defendant has not filed a Reply and the time to do so has expired. For the reasons stated herein, the Court will deny the Motion.

The Defendant seeks a modification to his status to act as a state paid live-in Personal Care Attendant ("PCA") for his partner's autistic children. (Doc. 1039 at 2-3). He states that his current terms of home confinement make it impossible for him to take on the "critical, hands-on, laborious responsibilities" of a PCA. (*Id.* at 2).

First, as the Government points out, the Defendant brings his Motion in an imprecise way because he is not on a term of supervised release. Indeed, the statute upon which he relies is nonexistent. And, his term of supervised release will begin *upon the completion* of his Bureau of Prisons ("BOP") custody term. (Doc. 801) ("Upon release from imprisonment, the defendant shall be placed on supervised release for a term of Three

years[.]"). His supervised release term is set to begin in 2023.

Apparently, in an exercise of its own discretion, pursuant to 18 U.S.C. § 3621(b), the BOP released the Defendant to home confinement to serve out the remainder of his custody term. This home confinement designation is "not reviewable by any court." 18 U.S.C. § 3621(b)((5); § *Reeb v. Thomas*, 636 F.3d 1224 (9th Cir. 2011). And, to the extent that he seeks a compassionate release request, as the Government points out, he has not exhausted his administrative remedies which is a jurisdictional prerequisite to this Court's consideration.[1] *See United States v. Weidenhamer*, 2020 WL 1929200 *2 (D.Ariz. Apr.21, 2020).

Given that the Defendant is serving his term of custody at home, he remains under the jurisdiction of the BOP. Therefore, the Court does not have the jurisdiction to review or grant the relief he currently seeks.

Accordingly,

**IT IS HEREBY ORDERED** denying the Defendant's Motion for Modification of Terms of Supervised Release (Doc. 1039).

Dated this 16th day of December, 2020.

_____
Honorable Diane J. Humetewa
United States District Judge

---

[1] Indeed, the district court denied his earlier compassionate release request finding that he had not exhausted his administrative remedies. *See* (Doc. 1022). The Court notes that his compassionate release request sought the same relief he now seeks, to be a PCA for his partner's children.

- 2 -