**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-12-01927-003-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Joel Stephen Cutulle, | |
| Defendant. | |

Defendant Joel Cutulle, has filed a third Motion to Modify Sentence. (Doc. 1064). The Government has filed its' Response (Doc. 1065) in opposition to which the Defendant has Replied (Doc. 1068). The Court issues its Ruling denying the Defendant's Motion.

First, and importantly, the Defendant brings his Motion "to modify his sentence to time served" pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (Doc. 1064 at 1, 4). That statute states " [t]he court *may not* modify a term of imprisonment once it has been imposed except that – in any case –

(A)     the court, upon motion of the Director of the Bureau of Prisons, ["BOP"] or upon motion of the defendant *after the defendant has fully exhausted all administrative right to appeal a failure of the BOP to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, which ever is earlier*, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable . . . if it finds that (i) extraordinary and compelling reasons warrant such a reduction[.]" (emphasis added)

18 U.S.C. § 3582(c)(1)(A)(i). Plainly, this Court may not consider a defendant's request

to modify his sentence (including based upon extraordinary and compelling reasons) unless the Defendant has fully exhausted all administrative remedies. *United States v. Weidenhamer*, 2020 WL 1929200 at *2 (D. Ariz. Apr. 21, 2020). Furthermore, as this Court previously explained, "the BOP released the Defendant to home confinement to serve out the remainder of his custody term. This home confinement designation is "not reviewable by any court." (Doc. 1051). In other words, although the Defendant is monitored by Coolidge House RRC, he, is nonetheless, under BOP supervision. Therefore, he must exhaust his administrative remedies with the BOP Warden who transferred him there. Only then may a district court consider a request for sentence reduction, including for extraordinary and compelling reasons.

Second, even if the Court were to be able to review his Motion, a review of the prior Motion (Doc. 1039) shows that his reasons remain the same "the current terms of home confinement impede his ability to fully care for the autistic children of his partner." (*Id*. at 2). In the present Motion, he again asks to be relieved of his sentence in order to care for his partner's children. His reasons thus have not changed since the Court's prior consideration. Moreover, to the extent that the Defendant remains concerned that he may be returned back to the BOP, he may present his present health related concerns to the Warden as mentioned above. Until then, under the present facts and circumstances, the Court remains without jurisdiction to consider his present Motion. Accordingly,

**IT IS ORDERED** denying the Defendant's Motion to Modify Sentence (Doc. 1064).

Dated this 3rd day of January, 2022.

Honorable Diane J. Humetewa
United States District Judge